MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP KOPCZYNSKI (NYBN 4627741)
Special Assistant United States Attorney

MICHAEL MAFFEI (CABN 240978)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7027
    philip.kopczynski@usdoj.gov
    michael.maffei@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DARRELL BUCKINS,<br><br>        Defendant. | CASE NO. 14-CR-387-EMC<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>DATE: March 30, 2015<br>TIME: 8:00 a.m. |

Two court days before trial, Defendant filed a motion to dismiss the indictment. On the last court day before trial, Defendant filed an "Addendum" that effectively withdraws his prior motion and replaces it with a new one. The Court should reject this flurry of last-minute activity for the reasons set forth below. If the Court deems it necessary to do so, the government will submit additional briefing on these issues or address them orally prior to jury selection on March 30, 2015. But the government respectfully submits that nothing further is needed and that the motion should be immediately denied.

**ARGUMENT**

The issues raised by Defendant's motion are a distraction that cannot and should not have any effect on this case. Defendant argues that the indictment must be dismissed because of a due process

violation. In his original motion, he argues that he was prejudiced by a supposed failure of the Bureau of Prisons to notify him that one of his appeals was rejected, and that he had the option of appealing the rejection to Washington, D.C. In his "Addendum," Defendant argues that in fact he appealed his case to Washington, D.C. but never received a response. Defendant's contradictory, unfounded arguments should be rejected by the Court for at least four reasons.

## I.     Defendant's Motion is Untimely

Defendant did not timely file his motion. Indeed, he never filed the motion he told the Court he would at the status hearing on March 24, 2015. Government counsel's recollection is that Defendant told the Court he intended to file a motion based on alleged improper destruction of evidence. Despite raising that issue for the first time less than a week before trial, the Court allowed Defendant to file the motion by Thursday, March 26, 2015, at 4:00 p.m., and ordered the government to respond by noon on Friday. Four o'clock came and went with no filing from Defendant. At 4:12 p.m., Defendant filed a motion, yet it says nothing about destruction of evidence and instead raises an entirely new issue concerning the Bureau of Prisons' administrative remedy process. Even more extraordinary, that filing was not the last word. At 12:55 a.m. this morning, Defendant filed an "Addendum" that retracts the facts stated in his prior motion and advances still another new theory about why his indictment should be dismissed.

Defendant's filings flout the briefing schedule set by the Court. If Defendant had given more advanced notice (or any notice at all) about the motion he intended to file, the government would have had a fair opportunity to respond. The government also would have had an opportunity to ask the Court to set a motions deadline reasonably in advance of trial pursuant to Federal Rule of Criminal Procedure 12(c). Instead, Defendant surprised all involved with his motion and "Addendum" on the eve of trial. The Court should deny his motion on this basis alone.

## II.    Defendant's Motion is At Odds with the Facts

Defendant's motion is at odds with the facts. The crux of his original motion was that he never received a letter dated April 15, 2014 from the Regional Director denying his appeal of discipline he sustained in August 2013 while at the halfway house. Defendant claimed that because he allegedly never received this letter, he did not know he could next appeal to the Central Office in Washington,

1 D.C. The flaw with this argument is that Defendant did send an appeal to the Central Office. The
2 Central Office received it on May 14, 2014. They rejected his appeal because it was submitted in an
3 improper form and they invited Defendant to resubmit it. The prejudice alleged in his motion is
4 therefore illusory because he in fact submitted an appeal. Defendant of all people should know this
5 because he is the one who submitted it.

6 In an "Addendum" filed overnight, Defendant acknowledged this error, which he said was
7 "solely" the fault of his counsel. Defendant also tried to shift blame to the government by claiming he
8 requested information about his appeal from the government and never received it. This is false. The
9 government provided information about the appeal by letter dated February 12, 2015 in response to a
10 defense request. That letter is attached as Exhibit A. The government did not produce a copy of the
11 appeal itself to the defense because of an inadvertent oversight at the Central Office, but the pertinent
12 facts of the appeal were stated in the government's letter. The defense never challenged that letter or
13 claimed the information provided therein is inaccurate. On this record, the Court should find that
14 Defendant's motion has no basis in fact.

15 **III.     Defendant Provides No Legal Authority for His Motion**

16 Defendant never addresses a crucial premise of his motion, which is that a criminal prosecution
17 for escape is an appropriate forum in which to challenge an administrative appeal regarding inmate
18 discipline. The Court should not entertain Defendant's motion because it lacks any legal footing.

19 As an initial matter, even if the Court were to accept that the sort of judicial review urged by
20 Defendant is appropriate, exhaustion of administrative remedies would presumably be a precondition to
21 review. *Cf.* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under
22 section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
23 correctional facility until such administrative remedies as are available are exhausted."); *Martinez v.*
24 *Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal
25 administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."). In
26 addition, although the exact nature of Defendant's challenge is not well-defined, it appears that he could
27 only bring it in the form of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Doly v.*
28 *Copenhaver*, No. 1:14-CV-00522-LJO-MJ, 2015 WL 574193 (E.D. Cal. Feb. 10, 2015) (addressing a

U.S. OPP'N TO MOT. TO DISMISS
NO. 14-CR-387-EMC
3

1  prisoner challenge under § 2241 to a disciplinary proceeding that resulted in a loss of good conduct
2  time). Defendant does not address any of these issues. It seems clear that he has never advanced the
3  arguments he is making here in any other setting.

4  More importantly, Defendant cites no authority for his notion that he cannot be convicted of
5  escape because of an alleged flaw in his administrative appeal. There is, in fact, ample authority
6  suggesting the opposition conclusion. For example, it is well-established that a defendant in an escape
7  prosecution cannot challenge the lawfulness of his arrest or the propriety of his confinement. *See, e.g.*,
8  *United States v. Allen*, 432 F.2d 939, 940 (10th Cir. 1970) ("Under these circumstances a lawful arrest is
9  not a prerequisite to the crime of escape mandated by section 751(a), . . . and neither the regularity of his
10 arrest nor the propriety of his confinement can be tested by an act of escape."). An inmate who escapes
11 confinement can be convicted of escape even if the underlying conviction that led to his or her
12 confinement is invalid. *See Lucas v. United States*, 325 F.2d 867, 867 n.2 (9th Cir. 1963) ("The statute
13 forbids escape, not only to those properly in the custody of the Attorney General but also to all who are
14 confined in any penal or correctional institution, pursuant to his direction, without mention of the
15 propriety of the confinement.") (internal quotation marks and citations omitted).

16 Finally, and perhaps most importantly, Defendant's criticism of his administrative appeal ignores
17 the law governing such appeals. Defendant alleges he never received a response to his appeal to the
18 Central Office, and he claims that fact alone amounts to a due process violation. But accepting
19 Defendant's allegation as true, what it means as a legal matter is that his appeal was rejected. *See* 28
20 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including
21 extension, the inmate may consider the absence of a response to be a denial at that level."). Defendant
22 filed his appeal in May 2014, nearly a year ago. He had ample time to attempt to pursue the matter
23 further and did not do so. There is no due process violation here.

24 **IV.    The Outcome of Defendant's Motion Cannot Change His Guilt**

25 Even if Defendant were correct that his August 2013 infraction should be expunged, it would not
26 change the fact that he is guilty of the crime charged. The evidence at trial will show that prior to his
27 August 2013 discipline, Defendant's release date was September 28, 2013. As a practical matter, this
28 meant that he would be released on September 27, 2013, because the 28th was a Saturday. One

consequence of the August 2013 discipline was that the Bureau of Prisons pushed back Defendant's release date to October 12, 2013. But if Defendant is correct and his release date should not have been pushed back from September 28, 2013, he is still guilty because he escaped on September 26, 2013. The indictment alleges, and the evidence at trial will establish beyond a reasonable doubt, that Defendant escaped on September 26, 2013. Thus, even if Defendant's argument were correct—which it is not, for all the reasons discussed above—it would not undermine the indictment in the slightest.

## CONCLUSION

For the foregoing reasons, the government respectfully asks the Court to deny Defendant's motion to dismiss.

DATED: March 27, 2015          MELINDA HAAG
United States Attorney

/s/ Philip Kopczynski
PHILIP KOPCZYNSKI
Special Assistant United States Attorney

MICHAEL MAFFEI
Assistant United States Attorney